EXHIBIT A

**IN THE CIRCUIT COURT OF TENNESSEE**
**FOR THE THIRTIETH JUDICIAL DISTRICT AT SHELBY COUNTY, MEMPHIS**

**CHARLES HAIR,**

       **PLAINTIFF,**

**vs.**

**BLAZIN WINGS, INC., d/b/a**
**BUFFALO WILD WINGS GRILL AND BAR**

       **DEFENDANT.**

FILED

JUL 07 2022

CIRCUIT COURT CLERK
BY_____D.C.

CT-_2739-22_

**JURY DEMANDED**

DV _IX_

**COMPLAINT**

Comes now your Plaintiff, Charles Hair, by and through his counsel of record, Nahon, Saharovich & Trotz, PLC, and files this Complaint against your Defendant, Blazin Wings, Inc., d/b/a Buffalo Wilds Wings Grill and Bar ("Buffalo Wild Wings"), and in support thereof states the following to wit:

**JURISDICTION, VENUE AND SERVICE OF PROCESS**

1.     Plaintiff, Charles Hair, is an adult Tennessee resident of Cordova, Shelby County, Tennessee.

2.     Defendant, Buffalo Wild Wings., upon information and belief, is a foreign corporation headquartered in Minnesota and with a principal place of business located at 3 Glenlake Parkway, Atlanta, GA 30328. Defendant additionally owns, operates, manages and maintains many restaurants in the state of Tennessee using the business name Buffalo Wild Wings Grill and Bar, including a location at 8385 U.S. 64, #101, Memphis, Shelby County, TN 38133 ("Wolfchase restaurant location"). Finally, this Defendant can be served through its

EXHIBIT A

registered agent for process, Corporation Service Company, 2908 Poston Avenue, Nashville, TN 37203.

3.     This cause of action arises out of a personal injury which occurred inside the Buffalo Wild Wings Wolfchase restaurant location on or about July 13, 2022. Jurisdiction, venue and service of process are thus proper with this Court.

## FACTS

4.     On or about July 13, 2021, at approximately 9:00 PM, Plaintiff, who had been dining at Defendant's Woflchase restaurant location, entered the men's restroom.  After walking to the left towards the urinals, he suddenly and without warning slipped and fell on an unreasonably dangerous watery substance that covered the restroom floor.  Plaintiff believes that prior to his fall, employee(s) and/or agent(s) of Defendant had cleaned the floor with a bleach substance and there was no warning signs located inside the restroom door.

5.     At all times relevant hereto, Plaintiff, Charles Hair, was exercising care and caution for his safety when he was walking on the restroom floor.

## ACTS AND/OR OMISSIONS OF NEGLIGENCE

6.     Defendant, as the owner, operator and/or manager of the Wolfchase restaurant location, knew or should have known of the unreasonably dangerous condition of the men's restroom floor.  It is reasonably foreseeable that a restaurant patron such as Plaintiff could be injured while walking on the wet restroom floor of the men's restroom. Additionally, Defendant, as the owner, operator and/or manager of the Wolfchase restaurant location, had prior opportunity to make the unreasonably dangerous conditions safe prior to Plaintiff's injury.

7.     Defendant's acts and/or omissions created an unreasonably dangerous condition

2

EXHIBIT A

in the men's restroom of the Wolfchase restaurant location which constitutes negligence in tort.

8.      Defendant, as owner, operator and/or manager of the Wolfchase restaurant location, was under a duty to use ordinary care to keep the floor of the men's restaurant safe and habitable, which is the care that ordinarily careful persons use to avoid injury to themselves or others under the same or similar circumstances. Defendant's duty to use ordinary care was clearly breached in this matter.

9.      Plaintiff further charges and alleges that Defendant was negligent in the following particulars;

          a.      Failure to maintain the floor of the men's restaurant at the Wolfchase restaurant location in a fit and habitable condition;

          b.      Failure to use the degree of care and caution that was required under the existing circumstances;

          c.      Failure to warn Plaintiff, in an adequate manner as to the existence of such an unreasonably dangerous condition, including the adequate placement of warning signs;

          d.      Failure to inspect and/or remedy such an unreasonably dangerous condition;

          e.      Failure to take the necessary steps to correct a dangerous situation when Defendant knew, or in the exercise of reasonable care, should have known that the unreasonably dangerous condition existed; and

          f.      Failure to take the necessary steps to assure the safety of others when Defendant knew, or in the exercise of reasonable care, should have known that an injury was imminent;

## PROXIMATE CAUSE

10.     Plaintiff charges and alleges that one, some, or all of the aforesaid acts and/or omissions of negligence by Defendant were the direct and proximate cause of Plaintiff's

3

EXHIBIT A

resulting injuries to be hereinafter set out with more particularity:

## **INJURIES AND DAMAGES**

11.     Plaintiff, Charles Hair, charges and alleges that as a direct and proximate result of one, some, or all of the aforesaid acts and/or omissions of negligence on the part of the Defendant, that he has suffered great damages, including but not limited to:

   a.    Personal injuries and damages, including but not limited to a fractured tibia and fibula requiring surgery;

   b.    Permanent impairment to the body as a whole;

   c.    Pain and suffering;

   d.    Hedonic damages, including loss of enjoyment of life;

   e.    Fright and shock;

   f.    Large medical expenses, both past and future;

   g.    Great mental anguish;

   h.    Loss of earnings and future earning capacity; and

   i.    Out of pocket expenses.

## **RELIEF**

14.     WHEREFORE, Plaintiff, Charles Hair, sues your Defendant, Buffalo Wild Wings, and prays for a judgment for compensatory damages in the sum not to exceed Five Hundred Thousand Dollars ($500,000.00).  Plaintiff further prays for post judgment interest; for court and discretionary costs; for the right to amend his complaint to conform to the evidence as it develops; for a jury trial; and for all other further equitable relief that he may be so entitled.

EXHIBIT A

Respectfully submitted,

NAHON, SAHAROVICH & TROTZ, PLC

Kevin N. Graham, 019787
Attorney for Plaintiff
488 S. Mendenhall Road
Memphis, TN 38117
901-462-3331 (phone)
901-746-1567 (facsimile)
KGraham@nstlaw.com (email)

5

EXHIBIT A

**IN THE CIRCUIT COURT FOR SHELBY COUNTY, TENNESSEE**

FILED
JUL 07 2022
CIRCUIT COURT CLERK
BY _____ D.C.

| | |
|---|---|
| Charles Hair _____ | ) |
| _____ | ) |
| Plaintiff, | ) |
| Vs. _____ | )    No. CT-2738-22 |
| Blazin Wings, Inc. d/b/a Buffalo Wild Wings | ) |
| Grill and Bar _____ | ) |
| Defendant. | ) |

## COST BOND

I/We, Charles Hair _____ as Principal(s), and Kevin N. Graham _____. as Surety are held and firmly bound unto the Circuit Court Clerk of Shelby County, Tennessee for the payment of $500.00 Surety costs against the principal(s). To that end, we bind ourselves, our heirs, executors and administrators.

The Principal(s) is/are commencing legal proceedings in the Circuit Court for Shelby County, Tennessee. If the Principal(s) shall pay(s) $500.00 costs, which are adjudged against them, then this obligation is void. If the Principal(s) fail(s) to pay, then the surety shall undertake to pay $500.00 costs adjudged against the Principal(s) mandated at Tennessee Code Annotated § 20-12-120 et seq.

### PRINCIPAL(S)

| | |
|---|---|
| Charles Hair | |
| Principal | Principal |
| Social Security #   XXX-XX-0321 | Social Security #  _____ |
| 9647 Woodland Manor Cove | |
| Street Address | Street Address |
| Cordova, TN  38018 | |
| City, ST, Zip | City, TN, Zip |
| FederalExpress | |
| Employer | Employer |
| 2903 Sprankel Avenue | |
| Employer's Street Address | Employer's Street Address |
| Memphis, TN  38118 | |
| City, ST, Zip | City, ST, Zip |
| Kevin N. Graham | |
| Surety | Surety |

### SURETY

| | |
|---|---|
| Kevin N. Graham | 488 S. Mendenhall Rd. |
| Surety | Street Address |
| | |
| | Memphis, TN  38117 |
| Signature | City, ST, Zip |

EXHIBIT A

# IN THE CIRCUIT COURT OF TENNESSEE
## FOR THE THIRTIETH JUDICIAL DISTRICT AT SHELBY COUNTY, MEMPHIS

CHARLES HAIR,

      PLAINTIFF,

vs.

      CT- 2739 -22

      **JURY DEMANDED**

BLAZIN WINGS, INC., d/b/a
BUFFALO WILD WINGS GRILL AND BAR

      DEFENDANT.

FILED JUN 07 2022 CIRCUIT COURT CLERK BY _____ D.C.

bV IX

---

## PLAINTIFF'S FIRST SET OF INTERROGATORIES AND REQUEST FOR PRODUCTION OF DOCUMENTS TO DEFENDANT

---

Comes now your Plaintiff, by and through counsel, and pursuant to Rules 33 and 34 of Tennessee Rules of Civil Procedure, propounds his First Set of Interrogatories and Request for Production of Documents to Defendant, Blazin Wings, Inc., d/b/a Buffalo Wild Wings Grill and Bar ("Buffalo Wild Wings").

### DEFINITIONS AND INSTRUCTIONS

Unless otherwise indicated, the following definitions shall be applicable to these DISCOVERY REQUESTS:

1.    "YOU" or "YOUR" shall mean the defendant whom this discovery is directed to (in the case of the corporate defendant, it shall include its subsidiary and affiliated corporations) and each of their attorneys, experts, including, without limitation, contractors, subcontractors,

agents and employees of experts, employees, agents or representatives and all other persons acting on their behalf.

2.     The term "COMMUNICATION" or "COMMUNICATIONS" or "COMMUNI-CATE" shall mean and include any transaction or exchange of information between two or more persons, whether orally or in writing, and includes without limitation, any conversation or discussion by means of letter, telephone, note, memorandum, telegraph, telefax, telecopier, cable, computer or any other electronic or other medium, including written, audio, video, computer disk or computer tape.

3.     The term "DOCUMENT" or "DOCUMENTS" shall mean and include writings of any kind, formal or informal, whether or not wholly or partially in handwriting including by way of illustration and not by way of limitation, any invoice, receipt, endorsement, check, bank draft, canceled check, deposit slip, withdrawal slip, order, correspondence, record book, minutes, memorandum of telephone and other conversations, including meetings, agreements and the like, diary, calendar, desk pad, scrapbook, notebook, bulletin, circular, form pamphlet, statement, journal, postcard, letter, telegram, telex, telefax, report, notice, message, analysis, comparison, graph, chart, interoffice or intra-office communications, photocopy or other copy of any documents, microfilm or other film record, any photograph, sound recording or any type of device, computer data, any punch card, disc or disc pact, any tape or other type of memory generally associated with computers and data processing (together with the programming instructions and other written material necessary to use such punch card, disc, or disc pact, tape or other type of memory and together with printouts of such punch card, disc, or disc pact, tape or other type of memory; including (a) every copy of each document which is not any exact duplicate of a document which is produced, (b) every copy which has any writing, figure or

2

EXHIBIT A

notation, annotation or the lack of it, (c) drafts, (d) attachments to or enclosures with any document, (e) every document referred to in any other document, (f) all original file folders in which each such document is contained.

4.      The terms "PERSON" or "PERSONNEL" shall refer to a natural person, firm, association, organization, partnership, business trust, corporation, or public entity.

5.      The term "CORRESPONDENCE" shall, without limiting the generality of the definition, include any letter, note, memorandum, facsimile, electronic mail, telegram, telex, notice, report, statement, and all other types and forms of information exchange whether made by hand, computer, typewriter, printer, pen, pencil, or other form of recording.

6.      The singular number and masculine gender, as used herein, shall be deemed the plural, the feminine and the neuter, as may be appropriate.

7.      Wherever it is necessary to bring within the scope of these requests DOCU-MENTS that might otherwise be construed to be outside their scope (1) use of "and" as well as "or" shall be construed both disjunctively and conjunctively; (2) the use of "include(s)" and "including" shall be construed to mean "without limitation"; and (3) the use of a verb in any tense or voice shall be construed as the use of that verb in all other tenses and voices.

8.      If any of the DOCUMENTS requested herein is withheld under a claim of privilege, identify each such DOCUMENT and state the date of the DOCUMENT, identify its author and addressee, each PERSON to whom copies of the DOCUMENT were furnished and to whom the contents thereon were COMMUNICATED, a summary of the subject matter of the DOCUMENT, its present location and custodian, the basis upon which the asserted privilege is claimed and the request to which the DOCUMENT is responsive.

3

EXHIBIT A

9.     If any of the DOCUMENTS requested herein has been destroyed, furnish a list identifying each such DOCUMENT, its author and addressee, each PERSON to whom copies of the DOCUMENT were furnished and to whom the contents thereof were communicated, a summary of the substance of the DOCUMENT, the date upon which it was destroyed and the reason it was destroyed.

10.     As used herein, the term "COMPLAINT" shall refer to and include the complaint filed in the above-captioned matter.

11.     The term "PROBLEM" or "PROBLEMS" mean any criticism, question, complaint, question, claim, notice, complaint, issue, grievance, conclusion, belief, opinion, concern, charge or protest, whether written or oral, and whether communicated by a person not employed by Defendant; or noted, observed, or communicated by a person employed by the Defendant.

12.     The terms "IDENTIFY" or "IDENTIFICATION", when used with reference to a PERSON, shall mean to state the full name and the present or last known address and telephone number of such PERSON as well as his/her place of employment and job title.

13.     The terms "IDENTIFY" or "IDENTIFICATION", when used with reference to a DOCUMENT which is not produced to Defendant, shall mean to state its date, author or signer, his address, type of document and all other means of identifying it, and its present or last known location or custodian; if any document was but is no longer in your possession, custody or control, state that disposition was made of it and the reason for its disposition.

14.     The term "REPORT" or "REPORTS" shall mean any CORRESPONDENCE or COMMUNICATION wherein there is contained any criticism, question, complaint, claim,

notice, issue, grievance, conclusion, belief, opinion, concern, charge or protest, whether written or oral, and whether communicated by a person not employed by Defendant; or noted, observed, or communicated by a person employed by the Defendant.

15.     The term "THIS ACCIDENT" and "THE ACCIDENT" shall mean the accident which is the basis of this lawsuit.

## INTERROGATORIES

**INTERROGATORY NO. 1:**     Identify by name, address and employment position the individuals responsible for providing answers to these interrogatories.

**INTERROGATORY NO. 2:**     Please state the date in which you obtained ownership, operation, and/or control of the premises of the Buffalo Wild Wings restaurant location at 8385 US. 64, #101, Memphis, TN  38103 ("Woflchase restaurant location").

**INTERROGATORY NO. 3:**     Please list and identify each person (including your employees) who have knowledge (first hand or otherwise) concerning the facts surrounding the accident made the basis of this suit as well as to the issue of damages alleged by Plaintiff.  If the person identified was an employee of Defendant, state his/her position, job responsibilities, last known address, and contact telephone number.  PLEASE TAKE NOTICE THAT PLAINTIFF WILL OBJECT TO ANY INDIVIDUAL TESTIFYING AT TRIAL THAT IS NOT LISTED ON THIS INTERROGATORY.

**INTERROGATORY NO. 4:**     Prior to the alleged occurrence, did Defendant, or any agent or employee of Defendant, personally observe or obtain any knowledge whatsoever of the alleged dangerous condition on the men's restroom floor at the Wolfchase restaurant location?

EXHIBIT A

**INTERROGATORY NO. 5:**     If the answer to the preceding interrogatory is in the affirmative, please state:

    a.       when Defendant, or any agent or employee of Defendant, first saw the condition or situation, giving the date and time;

    b.       how Defendant, or any agent or employee of Defendant, acquired such knowledge;

    c.       all actions taken at the time of such observation or receipt of knowledge by Defendant, or any agent or employee of Defendant, to correct or remedy the defective condition or situation.

**INTERROGATORY NO. 6:**     Please state what precautions, if any, were taken by you or any agent or employee of Defendant, on the date of, prior to, and after the alleged occurrence, to prevent injuries to individuals who use the men's restroom after the floor has been cleaned and/or otherwise discovered to have been wet.

**INTERROGATORY NO. 7:**     Please state the name and address of the person, firm, or corporation, other than yours, which had the responsibility or duty for the maintenance of the men's restroom located at the Wolfchase restaurant location.

**INTERROGATORY NO. 8:**     Prior to the date and time of Plaintiff's injury as alleged in the Complaint, had the men's restroom floor been cleaned and/or mopped? If the answer is in the affirmative, please state the date and time the floor was cleaned and/or mopped, the names of all employee(s) and agent(s) who performed such action, what cleaning agents were used and what steps were taken, if any, to dry the men's restroom floor.

**INTERROGATORY NO. 9:**     Please state the name, current address, and telephone number of each person from whom you have obtained a written, recorded or oral statement concerning the incident made the basis of this lawsuit, including in your response, a detailed statement as to each and every fact known to you or made known to you by third parties

concerning how the incident made the basis of this suit occurred. If you object to providing any such statement, please identify the individual giving the statement, the date the statement was taken and state each and every legal basis for your refusal to provide a copy of each such statement.

**INTERROGATORY NO. 10:**      Pursuant to Tennessee Rules of Civil Procedure 26.02(4), please identify by name, address and telephone number each person whom you expect to call as an expert witness at the trial of this cause.  In addition, please state the subject matter on which such expert is expected to testify, the substance of the facts and opinions to which the expert is expected to testify, and the summary of the grounds for each such opinion.

**INTERROGATORY NO. 11:**      Please state whether you have or did have any policy, procedure, or safety program instituted regarding the cleaning of the men's restroom floor at the Wolfchase restaurant location.  If so, please state the substance of said policy, procedure, or safety program.

**INTERROGATORY NO. 12:**      Please state the name and address of the person, firm, or corporation, other than yours, which had the responsibility or duty for the cleaning and maintenance of the men's restroom floor at the Woflchase restaurant location.

**INTERROGATORY NO. 13:**      On or about the date of the alleged occurrence, did Defendant have any established procedure for the inspection and/or maintenance of the men's restroom floor at the Wolfchase restaurant location.

**INTERROGATORY NO. 14:**      If the answer to the preceding interrogatory is in the affirmative, please give:

    a.    a description of the procedure;

    b.    the date and time of the last inspection prior to the time of the alleged occurrence;

    c.    the identification, including the name, job title, and address, of each person who participated in such inspection; and

    d.    in complete detail, what such inspection revealed or disclosed.

**INTERROGATORY NO. 15:**    Please provide the name, current address, telephone number, and job title of all employees and/or agent of Defendant that were present at the Wolfchase restaurant location on July 13, 2021.

**INTERROGATORY NO. 16:**    Did you or any agent or employee render assistance of any kind to Plaintiff immediately after the alleged occurrence?

**INTERROGATORY NO. 17:**    If the answer to the preceding interrogatory is in the affirmative, please describe:

    a.    in complete detail, what assistance was rendered to Plaintiff; and

    b.    the name and address of each person rendering any assistance to Plaintiff.

**INTERROGATORY NO. 18:**    Please state whether prior to the incident made the basis of this lawsuit any other person has reported an unsafe condition of the men's restroom at the Wolfchase restaurant location and/or reported being injured due to an unsafe condition located at the men's restroom at the Wolfhcase restaurant location.

**INTERROGATORY NO. 19:**    If your answer to Interrogatory No: 19 was "yes", please provide the following information as to each incident:

    a.    identify the name of the claimant and whether suit was filed;

    b.    the date that the incident occurred;

    c.    where the injury occurred;

    d.    any injuries allegedly suffered as a result of the incident;

    e.    describe what the party contended was the activity by Defendant's employee that posed a danger;

EXHIBIT A

f.  identify each and every person who has knowledge of any facts relating to that prior occurrence;

g.  identify any writings or incident reports relating to each prior occurrence;

h.  identify the present custodian of each such writing relating to each  prior occurrence;

i.  explain the means by which you became aware of each alleged occurrence and/or injury;  and

j.  if suit was filed, please provide the style of the case, the Court where the case was pending, and the final result.

**INTERROGATORY NO. 20:**    Are you in possession of any video surveillance of Plaintiff from July 13, 2021 to present?  If not, please advise whether such surveillance ever existed and has subsequently been destroyed, or recorded over, or altered.

**INTERROGATORY NO. 21:**    Please describe the location of each and every surveillance camera located at the Buffalo Wild Wings Wolfchase restaurant location and provide a description of the area each surveillance camera records.

**INTERROGATORY NO. 22:**    Do you, your attorneys or anyone acting on your or their behalf have or know of any photographs, video or audio recordings, diagrams, models and/or drawings concerning the events and happening alleged in the complaint, the scene of the injury, and/or the area or persons involved, made either before, after or at the time of the events in question? If the answer is in the affirmative, please state the date it was taken, the name, address and telephone number of the person taking such photograph, video or audio recordings, diagram, model and/or drawing, what each such document purports to show, illustrate or represent, and the name and address of each person having a copy of each such document.

**INTERROGATORY NO. 23:**    To your knowledge, are there any other defendants which should be named to comport with the allegations contained in the complaint?  If the answer is in the affirmative, please provide the full name and address of each and every defendant which should be

EXHIBIT A

named to comport with the allegation contained in the complaint.

**INTERROGATORY NO. 24:**     Please consider the following Interrogatories as continuing and furnish by way of supplemental response pursuant to the requirements of Tennessee Rule of Civil Procedure 26.05.  Will you do so?

## REQUESTS FOR PRODUCTION OF DOCUMENTS

**REQUEST FOR PRODUCTION NO. 1:**   Please produce a complete and accurate copy of any and all accident and/or incident reports concerning the incident made the basis of this suit, in addition to any and all documentation of the events surrounding the incident made the basis of this suit.

**REQUEST FOR PRODUCTION NO. 2:**   Please produce a complete and accurate copy of any policy, procedure, or safety program referenced in your response to Interrogatory No. 13 and 14.

**REQUEST FOR PRODUCTION NO. 3:**   Please produce a complete and accurate copy of any and all such documents identified in your response to Interrogatory Nos. 20 and 21, above.

**REQUEST FOR PRODUCTION NO. 4:**   Pursuant to Rule 26.02(3) of Tennessee Civil Procedure, please provide a copy of any oral, written or recorded statements of Plaintiff.

**REQUEST FOR PRODUCTION NO. 5:**   Please produce a complete and accurate transcript of any statements obtained by you or on your behalf as identified in your response to Interrogatory No. 9.

**REQUEST FOR PRODUCTION NO. 6:**   Please produce a complete and accurate copy of any correspondence between you and Plaintiff concerning the subject injury.

**REQUEST FOR PRODUCTION NO. 7:**   Please produce a statement of compensation of any expert you intend to testify at the trial of this case.

EXHIBIT A

**REQUEST FOR PRODUCTION NO. 8:**  Please produce a current *curriculum vitae* of any expert you intend to call to testify at the trial of this case.

**REQUEST FOR PRODUCTION NO. 9:**  Please produce a list of each litigation case in which any expert you intend to call to testify at the trial of this case has rendered an opinion or given sworn testimony in the previous four (4) years.

**REQUEST FOR PRODUCTION NO. 10:**  Please produce a complete and accurate copy of any written agreements between Buffalo Wild Wings and any other party regarding the cleaning, inspection and/or maintenance of the men's restroom floor at the Woflchase restaurant location.

**REQUEST FOR PRODUCTION NO. 11:**  Please provide a copy of any and all maintenance logs and/or service records (including invoices for services and payment records for same) of the men's restroom floor located at the Wolfhcase restaurant location from January 1, 2021 to present.

**REQUEST FOR PRODUCTION NO. 12:**  Please produce a copy of all documents or evidence, including but not limited to each guest or other individual complaint, claim, or litigation case (either in which a lawsuit was filed or settled prior to suit being filed) referenced in your responses to Interrogatory Nos. 18 and 19.

**REQUEST FOR PRODUCTION NO. 13:**  Please produce a copy of any documents and/or materials that you subpoenaed in this case (Please note your duty to supplement this response should you subpoena any documents during the course of this litigation).

**REQUEST FOR PRODUCTION NO. 14:**  Please produce a copy of any medical records in your possession regarding the physical condition of the Plaintiff either before, at the time of, or after the incident which is the subject of the Complaint.

EXHIBIT A

Respectfully submitted,

Kevin N. Graham, 019787
Attorney for Plaintiff
488 South Mendenhall Road
Memphis, TN  38117
901-462-3331 (phone)
901-746-1567 (facsimile)
Kgraham@nstlaw.com (email)

SERVED WITH SUMMONS AND COMPLAINT

12

EXHIBIT A

# Certificate of Electronic Notification

| Recipients |
|---|
| **KEVIN GRAHAM**  - Notification received on 2022-07-11 11:15:27.189. |

EXHIBIT A

***** IMPORTANT NOTICE - READ THIS INFORMATION *****

NOTICE OF ELECTRONIC FILING [NEF]

–

**A filing has been submitted to the court RE:**  CT-2739-22

**Judge:**

Judge HONORABLE YOLANDA R KIGHT - Division

| | |
|---|---|
| **Official File Stamp:** | 07-11-2022:10:43:54 |
| **Notification Date:** | 07-11-2022:11:15:26 |
| **Court:** | CIRCUIT COURT |
| **Case Title:** | CHARLES HAIR VS BLAZIN WINGS INC |
| **Document(s) Submitted:** | SERVICE COMPLETE - PPS/OTHER Defendant Blazin Wings, Inc., d/b/a Buffalo Wild Wings Grill and Bar served 7-8-22. |
| **Filed By:** | Kevin Graham |

You may review this filing by clicking on the following link to take you to your cases.

This notice was automatically generated by the courts auto-notification system.

–

**The following people were notified electronically:**

KEVIN N GRAHAM

**The following people have NOT been notified electronically by the Court:**

HONORABLE YOLANDA R KIGHT

**Address:**   HONORABLE YOLANDA R KIGHT

140 Adams Ave

Memphis, TN 38103

DIVISION NINE

CHARLES HAIR

BLAZIN WINGS INC D/B/A BUFFALO WILD WINGS GRILL AND BAR

ELECTRONICALLY FILED
2022 Jul 11 10:43 AM
CLERK OF COURT - CIRCUIT

**(CIRCUIT/CHANCERY) COURT OF TENNESSEE**
**140 ADAMS AVENUE, MEMPHIS, TENNESSEE 38103**
**FOR THE THIRTIETH JUDICIAL DISTRICT AT MEMPHIS**

## SUMMONS IN CIVIL ACTION

Docket No. CT - 2739-22

◉ Lawsuit
◯ Divorce

Ad Damnum $ 500,000.00

| Charles Hair | VS | Blazin Wings, Inc., d/b/a Buffalo Wild Wings Grill and Bar |
|---|---|---|
| Plaintiff(s) | | Defendant(s) |

TO: (Name and Address of Defendant (One defendant per summons))

Blazin Wings, Inc., d/b/a Buffalo Wild Wings Grill and Bar
serve registered agent for process
Corporation Service Company
2908 Poston Avenue
Nashville, TN 37203

Method of Service:
◯ Certified Mail
◯ Shelby County Sheriff
◯ Commissioner of Insurance ($)
◯ Secretary of State ($)
◯ Other  TN County  Sheriff ($)
◉ Private Process Server
◯ Other
($) Attach Required Fees

You are hereby summoned and required to defend a civil action by filing your answer with the Clerk of the Court and

serving a copy of your answer to the Complaint on Kevin N. Graham                                    Plaintiff's

attorney, whose address is 488 S. Mendenhall Rd., Memphis, TN  38117

telephone 901-462-3331                    within THIRTY (30) DAYS after this summons has been served upon you, not including the day
of service. If you fail to do so, a judgment by default may be taken against you for the relief demanded in the Complaint.

TEMIIKA D. GIPSON, Clerk / W. AARON HALL, Clerk  and  Master

TESTED AND  ISSUED _____ 7. 7. 22 _____   By _____ , D.C.

### TO THE DEFENDANT:

NOTICE; Pursuant to Chapter 919 of the Public Acts of 1980, you are hereby given the following notice:
Tennessee law provides a ten thousand  dollar ($10,000) personal  property exemption from execution or seizure to satisfy a judgment.  If a judgment
should be entered against you in this action and you wish to claim property as exempt,  you  must  file a written list, under oath, of the items you wish
to claim  as exempt  with the Clerk of the Court. The list may be filed at any time and may be changed by you thereafter as necessary; however,  unless
it is filed before the judgment becomes final, it will not be effective as to any execution or garnishment  issued prior to the filing of the list. Certain
items are automatically  exempt by law and do not need to be listed. These include  items of necessary wearing apparel (clothing) for yourself and
your family and trunks or other receptacles necessary to contain such apparel, family portraits, the family Bible and school books. Should any of these
items be seized, you would have the right to recover them. If you do not understand your exemption right or how to exercise it, you may wish to seek
the counsel of a lawyer.

FOR AMERICANS WITH  DISABILITIES ACT (ADA) ASSISTANCE ONLY, CALL (901)  222-2341

I, TEMIIKA D. GIPSON / W. AARON HALL ,  Clerk  of the Court, Shelby County, Tennessee, certify  this to be a true and accurate  copy as filed this

_____ 20__

TEMIIKA D. GIPSON , Clerk / W. AARON HALL, Clerk  and  Master    By: _____ , D.C.

EXHIBIT A

---

### RETURN OF SERVICE OF SUMMONS

I HEREBY CERTIFY THAT I **HAVE** SERVED THE WITHIN SUMMONS:

By delivering on the ___8th___ day of ___July___, 20 22 at ___12:34 P.___M. a copy of the summons

and a copy of the Complaint to the following Defendant ___Corporation Service Company___

at ___2908 Poston Ave  Nashville Tn 37203___

_____       By: _____
Signature of person accepting service                                  Sheriff or other authorized person to serve process

Marcus Watson
34 Missionary Dr
Brentwood TN 37027
408-410-4443

---

### RETURN OF NON-SERVICE OF SUMMONS

I HEREBY CERTIFY THAT I **HAVE  NOT** SERVED THE WITHIN SUMMONS:

To the named Defendant _____

because _____ is (are) not to be found in this County after diligent search and inquiry for the following

reason(s): _____

This _____ day of _____, 20_____.


By: _____
Sheriff or other authorized person to serve process